

GEORGETOWN LAW CIVIL RIGHTS CLINIC

600 New Jersey Avenue NW, Suite 352, Washington, D.C. 20001-2075
Telephone: (202) 662-9506
January 21, 2026

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 E. Main St., Ste. 501
Richmond, VA 23219

*Via ECF*

> **Re:** ***Hayat v. Diaz, et al.*, No. 25-1235**
> **Plaintiff-Appellant's Notice of Supplemental Authority Pursuant to Fed R. App. P. 28(j)**

Dear Ms. Anowi:

Professor Hayat respectfully submits this letter to inform the Court of the United States Supreme Court's decision in *Case v. Montana*, pursuant to Rule 28(j) and this Court's Order, ECF No. 34.

The *Case* Court reaffirmed *Brigham City v. Stuart*, 547 U.S. 398 (2006), finding that the emergency-aid exception requires an "objectively reasonable" basis for believing that entry into a home is "direly needed" to deal with or prevent serious injury. Op. 7–8. The majority emphasized that *Brigham*'s objective reasonableness standard is *higher* than the reasonable suspicion standard applied to *Terry* stops and requires courts evaluate the totality of the circumstances. *Id.* at 7.

Under the totality of the circumstances in *Case*, the Court found that officers had an objectively reasonable basis to believe that entry into Case's home was direly needed. Officers received a 9-1-1 report that Case was threatening suicide or may have shot himself. *Id.* at 9. Prior to arrival, officers knew that Case suffered from mental-health problems, alcohol abuse, and suicidal ideations. *Id.* Upon arrival, officers further observed empty beer cans, an empty holster, and a notepad, heightening their concerns. *Id.*

*Case*'s articulation of the emergency-aid standard supports Professor Hayat's arguments as-briefed. *See* Opening Br. at 51-52. *Case* offers instructive factual counterpoints to this appeal.

Unlike the detailed 9-1-1 report in *Case*, here, Defendants only had a sparse description of an alleged kidnapper, children, and car. *Id.* at 47-50; J.A. 52. Upon arrival, Defendants did not observe that car, nor perceive any signs of actual injury or physical altercation. J.A. 67. Instead, they were met by Professor Hayat who voluntarily and calmly assured officers that no kidnapping had occurred. *Id*. at 50-51. Nonetheless, Defendants forced their way into Professor Hayat's home for purposes akin to the welfare check explicitly rejected by the *Case* Court. Op. 7. In sum, unlike in *Case*, Defendants here lacked an objectively reasonable basis for believing that entry into Professor Hayat's home was direly needed to prevent serious harm.

Professor Hayat respectfully requests that this case be scheduled for oral argument.

Respectfully submitted,

*/s/ Aderson B. François*

Word Count: 343

Aderson B. François
GEORGETOWN UNIVERSITY LAW CENTER
CIVIL RIGHTS CLINIC
600 New Jersey Ave. NW, Ste. 352
Washington, D.C. 20001
(202) 661-6721
aderson.francois@georgetown.edu

*Counsel for Plaintiff-Appellant*

Alex Cubas
Monica Iskander
Kylie O'Donnell

*Student Counsel*

CC (Via CM/ECF):
All Counsel