

Marc Elrich
*County Executive*

OFFICE OF THE COUNTY ATTORNEY

John P. Markovs
*County Attorney*

February 9, 2026

**VIA ECF**

Nwamaka Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 E. Main St., Ste. 501
Richmond, VA 23219

      Re:    *Hayat v. Diaz, et al.*, No. 25-1235
                Appellees' Notice of Supplemental Authority Pursuant to Fed R. App. P. 28(j)

Dear Ms. Anowi:

Appellees respectfully submit this letter to alert the Court to the recent decision of the United States Supreme Court in *Case v. Montana*, No. 24-624, 2026 WL 96690 (U.S. Jan. 14, 2026), which was decided after briefing was complete in the above-captioned matter.

In *Case v. Montana*, the Supreme Court declined to "put a new probable-cause spin onto the emergency-aid standard." 2026 WL 96690 at \*1. Rather, in a unanimous decision, the Court held "just what we have held before: that the officers may enter [without a warrant] if, but only if, they have an 'objectively reasonable basis for believing' that an occupant faces serious danger." *Id*. at \*4 (quoting *Brigham City, Utah v. Stuart*, 547 U.S. 398, 400 (2006)).

The holding in *Case* does not affect Appellees' main argument in the above-captioned appeal because the officers' warrantless entry to Mr. Hayat's residence did not implicate the Fourth Amendment as Mr. Hayat could not retreat into his residence to avoid a *Terry* stop supported by

---

101 Monroe Street, Rockville, Maryland  20850-2580
(240) 777-6755 • TTD (240) 777-2545 • FAX (240) 777-6705 • Kristen.nunley@montgomerycountymd.gov

Hayat v. Diaz, et al.
February 9, 2026
Page 2

reasonable articulable suspicion that children had been kidnapped.[1]

To the extent the District Court found that the warrantless entry into Mr. Hayat's residence was justified to check on the welfare of the children, the holding in *Case* supports Appellees' argument as briefed: Sgt. Diaz had an objectively reasonable basis for believing children had been kidnapped and were in danger inside the residence based on 1) the verified report of a potential kidnapping at the IHOP, 2) the license plate being associated with Mr. Hayat's address, 3) Mr. Hayat's confirmation that there were children in the house, and 4) Sgt. Diaz's observations of Mr. Hayat's evasive behavior in response to the kidnapping investigation.

The Supreme Court emphasized in *Case* that "[t]he decision of the officers to enter [the] home to prevent [Case from ending his life]—even at some significant risk to themselves—was (at the least) reasonable. The Fourth Amendment did not require them, as Case now argues, to leave him to his fate." Similarly, the Fourth Amendment did not require officers here to leave potentially kidnapped children to their fate.

Very truly yours,

Kristy Nunley
Assistant County Attorney

Word Count: 348

---

[1] *Case v. Montana* does not address the standard for an ongoing *Terry* stop when a suspect retreats into a residence.