

## GEORGETOWN LAW CIVIL RIGHTS CLINIC

600 New Jersey Avenue NW, Suite 352, Washington, D.C. 20001-2075
Telephone: 202-661-6739

Aderson Francois, *Director*                     Alexander Afnan, *Supervising Attorney*
Nicole M. Rheault, *Deputy Director*            Allison Black, *Supervising Attorney*

Tuesday, April 28, 2026

VIA CM/ECF

Nwamaka Anowi
Clerk of the Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:     **No. 25–1235, *Hayat v. Diaz, et al.***
        Plaintiff-Appellant's Notice of Supplemental Authority Pursuant to Fed R. App. P. 28(j)

Dear Clerk Anowi:

I write on behalf of Appellant, Fareed Hayat, in advance of the oral argument in this matter scheduled for May 8, 2026. On January 21, 2026, pursuant to this Court's order, ECF Doc. No. 34, and Fed. R. App. P. 28(j), Appellant filed notice of the handing down of judgment in *Case v. Montana*, 146 S.Ct. 500 (2026).

In the course of preparation for oral argument—and continued consideration of *Case*—it became apparent to Appellant's counsel that the following decisions of the Supreme Court are "pertinent and significant authorities" to resolution of this appeal: *Lange v. California*, 594 U.S. 295 (2021); and *Kirk v. Louisiana*, 536 U.S. 635 (2002). The purpose of this letter is to provide notice of these authorities. Counsel anticipates that these cases might come up during oral argument. Appellant's counsel notified Appellees' counsel of these authorities prior to filing this letter.

*Lange v. California*, cited directly in *Case*, is relevant because it establishes that flight *alone* "does not always justify a warrantless entry into a home." 594 U.S. at 313. Instead, an officer must reasonably believe immediate entry is necessary "to prevent imminent harms of violence,

1

destruction of evidence, or escape from the home." *Id*. "But when the officer has time to get a warrant, he must do so." *Id*.

   *Kirk v. Louisiana*, meanwhile, answers the opposite side of the question presented in *Case*—namely, "whether . . . officers must have 'probable cause' . . . when investigating a crime." 146 S. Ct. at 503. The *Case* Court expressly separated the probable cause standard, necessary for a criminal investigation, from the analysis required to justify intrusion within the emergency exception. *See id*. But there is no dispute that in a criminal investigation, without a *bona fide* emergency, "police officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home." 536 U.S. at 638 (citing *Payton v. New York*, 445 U.S. 573 (1980)).

Kind regards,

*/s/ Aderson B. François*
Aderson B. François
GEORGETOWN UNIVERSITY LAW CENTER
CIVIL RIGHTS CLINIC
600 New Jersey Ave NW
   Washington, D.C. 20001
(E) aderson.francois@georgetown.edu
(T) +1 (202) 661–6739
*Counsel for Plaintiff-Appellee*

Word count: 331 words